UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| REX ALLEN MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:13-cv-632-PLR-HBG |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff has filed a complaint against Defendants alleging that he was assaulted by Tennessee state correctional officers, in violation of 42 U.S.C. § 1983. Pending before the Court are motions to dismiss filed by Defendants Judge Bob McGee; Knox County Criminal Court; Derrick Schofield, Commissioner of the Tennessee Department of Correction (TDOC); and David Sexton, present Warden of Morgan County Correction Complex (MCCX) (collectively "State Defendants")[1]; and by the United States Department of Justice ("DOJ").

**I. Background**

In April 2011, Plaintiff Rex Moore entered into a plea agreement with the State of Tennessee, approved by The Honorable Bob McGee, Knox County Criminal Court, and was

---

[1] Plaintiff does not formally name the individual State Defendants, but rather only the Knox County Criminal Court, TDOC, and MCCX. (Am. Compl. at 3) However, in his handwritten, pro se complaint, he alleges wrongdoing by Defendant Judge McGee, (*Id.* at 4–5) and Defendants Schofield and Sexton are parties to this suit by reason of their respective positions.

placed on probation. (Am. Compl. at 4) In October 2011, Plaintiff's probation was revoked and he was sent to MCCX to serve his sentence.[2] (*Id.* at 4–5)

While in the MCCX intake unit, Moore allegedly had in his hand three pieces of candy which he needed for his diabetes. (*Id.*) When Moore refused to dispose of the candy, as ordered "very violently" by a correctional officer in the intake unit during processing, he alleges that the officer then "grabbed [his] hand" to take it while radioing fellow officers for assistance. (*Id.*) When the officers arrived, Moore asserts that they began to punch his body and face. (*Id.*) Following processing, a correctional officer allegedly guided Moore into his private office, wherein he threatened Moore with additional physical harm should he reveal to another what had occurred. (*Id.* at 6) Around five guards thereafter entered the office and assaulted Moore. (*Id.*) Finally, Moore claims, he was assaulted again when a correctional officer ordered him to enter a "small cleaning supply room," in which he was ordered to remove his intake apparel and an officer subsequently choked and punched him. (*Id.*) Moore was then assigned a cell, where he asserts that he was left for days, bleeding from his injuries. (*Id.*)

As a result of the injuries stemming from the alleged assaults, Moore claims to have suffered head trauma, organ damage, and cardio-respiratory problems. (*Id.* at 9 (Ex. C)) He has filed the instant Complaint alleging numerous constitutional violations under 42 U.S.C. § 1983. First, he appears to allege that Judge McGee violated his rights by ordering him to serve time and disregarding the plea agreement "with no legal reason." (Am. Compl. at 5) Second, Moore seems to claim that the Tennessee state correctional officers violated § 1983 through his treatment during and immediately after intake processing. (*Id.* at 4–6) Finally, Moore has named the DOJ

---

[2] Plaintiff alleges that his confinement began on September 11, 2012. (Am. Compl. at 5, 9, 10) However, he also states that the hearing regarding his parole violation occurred in October 2011, (*Id.* at 5), and that he was released in October 2012. (*Id.* at 2, 6) But regardless of whether the alleged wrongs occurred in 2011 or 2012, they are nonetheless barred by the applicable statute of limitations as to the State Defendants, as he was released on October 20, 2012 (*Id.* at 2, 6) and he did not file the Complaint until October 21, 2013. (Compl. at 5) *See infra* Part III.A.1.

2

as a defendant to this action, (*Id.* at 3) but he alleges no facts as to how the DOJ violated his civil rights.

## II.  Standard of Review

Defendants have moved for dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that Plaintiff has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2009). A motion to dismiss under Rule 12(b)(6) must be denied where the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Conversely, dismissal under this Rule "is proper when there is no set of facts that would allow the plaintiff to recover." *Carter v. Cornwell*, 983 F.2d 52, 54, *rehearing denied* (6th Cir. 1993); *see also Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) ("To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting *all* the material elements to sustain a recovery under some viable legal theory." (emphasis added)). When determining the sufficiency of the complaint against a motion to dismiss under this Rule, the court must accept as true all facts alleged in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the court is not required to accept as true any proffered legal conclusions. *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). In the context of pro se litigants, the Court provides "the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *see also Erickson v. Pardus*, 551 U.S. 89 (2007).

3

### III. Discussion

**A. Claims Against Judge Bob McGee, Knox County Criminal Court, Derrick Schofield, TDOC, and David Sexton, present Warden of MCCX**

The State Defendants have moved to dismiss Plaintiff's Complaint on the following grounds: (1) The claims against Defendant Judge McGee are barred by the statute of limitations; (2) The claims for money damages are barred by the Eleventh Amendment; (3) A state official acting in his official capacity is not a "person" under 42 U.S.C. § 1983; (4) The claims against Defendant Judge McGee are barred by the doctrine of judicial immunity; (5) *Respondeat superior* is an insufficient basis for liability as to Defendants Schofield and Sexton; and (6) Defendants Schofield and Sexton have insufficient personal involvement to be found liable under direct liability.

**(1) Plaintiff's Claims Are Barred by the Statute of Limitations**

"When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." *Wilson v. Garcia*, 471 U.S. 261, 266–67 (1985). In the § 1983 context, the proper time limitation is the personal injury statute of limitations of the state where the cause of action arose. *Wallace v. Kato*, 549 U.S. 384 (2007). In Tennessee, that statute is Tenn. Code Ann. § 28–3–104(a), which states in relevant part: "The following actions shall be commenced within one (1) year after the cause of action accrued: . . . (3) Civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes." *Holmes v. Donovan*, 984 F.2d 732, 738 n.11 (1993).

Plaintiff filed his first Complaint on October 21, 2013, yet his claims against Defendant Judge McGee arose from incidents occurring in April 2011 and October 2011. (Compl. at 4–5)

4

Similarly, his claims of mistreatment by TDOC and MCCX arose from his intake and processing at the latter on September 11, 2012. (*Id.* at 5–6) Plaintiff's claims against all Defendants are thus barred by the statute of limitations.

**(2) Plaintiff's Claims Are Barred by the Eleventh Amendment**

In their motion to dismiss, the State Defendants raise alternative arguments, which the Court will now address. Under the plain language of the Eleventh Amendment to the United States Constitution, the States are protected from suits by citizens of other states or foreign nations. U.S. CONST., amend. XI (1795). Moreover, the Supreme Court has extended the Amendment to protect States from suits in federal court by their own citizens. *Hans v. Louisiana*, 134 U.S. 1 (1890); *see also Alden v. Maine*, 527 U.S. 706, 713 (1999) ("[A]s the Constitution's structure, its history, and the authoritative interpretations by this Court make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today.").

There are, however, two exceptions to Eleventh Amendment immunity where a plaintiff claims monetary damages against states or their agencies. First, state sovereign immunity does not hold where Congress in its legislation expressly abrogates the Eleventh Amendment. *Hoffman v. Connecticut Department of Income Maintenance*, 492 U.S. 96 (1989). Second, the Eleventh Amendment does not apply where a state itself expressly waives immunity from such claims in federal court. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984); *see also id.* at 99 (noting that such waiver must be "unequivocally expressed").

Neither exception applies here. Regarding the first exception, Congress has not created a sovereign immunity exception for claims brought under 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332 (1979). And the second exception likewise does not apply, as "[t]he State of Tennessee

5

has not consented to any [§ 1983] suit expressly or by implication." *Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986). Accordingly, Plaintiff's claims against the State Defendants are barred by the Eleventh Amendment to the United States Constitution.

**(3) A State Official Acting in His Official Capacity Is Not a "Person" Under § 1983**

The State Defendants alternatively argue that Plaintiff has failed to state a claim for which relief can be granted on the ground that they are not "persons" under 42 U.S.C. § 1983. The Court agrees. While the plain language of the statute applies simply to "persons," the Supreme Court has held that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and thus "is no different from a suit against the State itself." *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989) (holding that the Department of State Police and Director of State Police were not "persons" under 42 U.S.C. § 1983). Therefore, the Eleventh Amendment bars such claims.

Moreover, the State Defendants, for purposes of the instant complaint, were state officials acting in their official capacities. Judge McGee, plainly acting in his official capacity, *see Ireland v. Tunis*, 113 F.3d 1435, 1441 (6th Cir. 1997) (citing and quoting *Stump v. Sparkman*, 435 U.S. 349, *rehearing denied*, 436 U.S. 951 (1978), *on remand*, *Sparkman v. McFarlin*, 601 F.2d 261 (7th Cir. 1979)), is protected under the "solidly established" doctrine that judges are absolutely immune from liability for damages for acts committed within their jurisdiction. *Imbler v. Pachtman*, 424 U.S. 409, 418 n.12 (1976) (citing *Bradley v. Fisher*, 13 Wall. 335 (1872)); *see also id.* ("This immunity applies even when the judge is accused of acting maliciously or corruptly." (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967))). Furthermore, judicial immunity applies to § 1983 claims. *Pierson v. Ray*, 386 U.S. 547 (1967). Thus, Plaintiff's claims against

6

Judge McGee are barred under § 1983's definition of "person" and by the doctrine of judicial immunity.

Defendants Schofield and Sexton are likewise protected under this definition. Under the Sixth Circuit's implementation of *Will* in *Wells v. Brown*, 891 F.2d 591 (1989), in order to circumvent the Eleventh Amendment's restriction to § 1983's definition of "person," "the face of a complaint must indicate whether a plaintiff seeks to recover damages from defendants directly, or to hold the state responsible for the conduct of its employees." *Id.* at 593. And, crucially, the complaint must explicitly indicate if the plaintiff is suing a state official in his personal, rather than official, capacity. *Id.* Plaintiff here has failed to satisfy this burden. Similar to *Wells*, Plaintiff has only "characterized each official's conduct in terms of their official capacity," *id.*, naming as defendants merely TDOC and MCCX. (Am. Compl. at 3) Accordingly, § 1983's definition of "person" excludes Defendants Schofield and Sexton.

**(4) Defendants Schofield and Sexton Were Insufficiently Involved to Be Found Liable**

The State Defendants next argue that Plaintiff's claims against the latter two should be dismissed on the ground that *respondeat superior* alone is an insufficient basis for liability under 42 U.S.C. § 1983. The Court agrees. "Under § 1983 public officials are not vicariously liable for the wrongdoing of their subordinates." *Holmes v. Michigan Department of Corrections*, 805 F.2d 1034, 1034 (6th Cir. 1986) (citing *Coffy v. Multi-County Narcotics Bureau*, 600 F.2d 570, 580 (6th Cir. 1979)). Rather, such officials must have had some direct involvement in the alleged wrongdoing. *Id.*

But, even reading the Complaint in the light most favorable to Plaintiff, there is nothing therein directly connecting Defendants Schofield and Sexton to the alleged mistreatment in MCCX. *See* Am. Compl. at 3–6. Rather, Plaintiff's Complaint only alleges wrongdoing by

7

MCCX correctional officers. *See id.* Thus Defendants Schofield and Sexton had no personal, direct involvement in the alleged wrongs. Accordingly, these defendants were insufficiently connected to the alleged wrongs to find a cognizable claim against them.

For the foregoing reasons, the State Defendants' motion to dismiss the Complaint against them for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**.

B. **Claims Against the DOJ**

Defendant DOJ has moved to dismiss Plaintiff's Complaint on the basis that Plaintiff has failed to allege any claims against it. When measuring the sufficiency of a Complaint, reviewing courts must determine whether the facts pled by plaintiffs "nudge their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. If not, then the court must dismiss the complaint. *Id.*

In this case, Plaintiff avers nothing connecting his alleged mistreatment at MCCX to Defendant DOJ. *See* Am. Compl. at 3–6. In addition to this absence of fact, Defendant has presented evidence showing that, at the time of the alleged incident at MCCX, Plaintiff was not incarcerated by the Federal Bureau of Prisons, nor in fact has ever been a federal prisoner at their facilities. *See* Decl. of Parnell. For these reasons, the motion to dismiss for failure to state a claim filed by Defendant DOJ is **GRANTED**.

IV. **Conclusion**

For the foregoing reasons, Defendants' motions to dismiss Plaintiff's Complaint are **GRANTED**, and Plaintiff's claims are hereby **DISMISSED**.

Enter:

_____
UNITED STATES DISTRICT JUDGE