UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| REX ALLEN MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:13-cv-632-PLR-HBG |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, appearing *pro se*, has filed a motion to amend or alter judgment [R. 26], asking the court to vacate the entry of judgment in favor of defendants. The court has carefully reviewed the pending motion, along with the court's previous Memorandum Opinion. For the following reasons, plaintiff's motion will be denied.

Plaintiff filed his original complaint with the court on October 21, 2013, alleging that he was mistreated by Tennessee state correctional officers, in violation of 42 U.S.C. § 1983. The defendants filed motions to dismiss the complaint on the grounds that plaintiff's claims were barred by the applicable statute of limitations; plaintiff's claims against the State of Tennessee defendants were barred by the Eleventh Amendment; and plaintiff's complaint failed to state a claim against the Department of Justice. The court

found defendants' motions to dismiss to have merit, the motions were granted, and plaintiff's action was dismissed with prejudice [R. 22].

## Analysis

Plaintiff cites Federal Rules of Civil Procedure 59 and 60 as the basis of his motion for new trial or for amending the court's judgment. A motion for new trial, or to alter or amend judgment, is considered under Rule 59, which requires that the motion "must be filed no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e). The judgment dismissing plaintiff's action was entered on July 22, 2014. Plaintiff filed his motion on August 19, 2014, so the motion is timely under Rule 59(e). The court will next address the merits of Plaintiff's motion under Rule 60.

Under Rule 60(b), a court may grant a party relief from a final judgment for any of the following reasons:

1. mistake, inadvertence, surprise, or excusable neglect;

2. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3. fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

4. the judgment is void;

5. the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

6. any other reason that justifies relief.

Fed.R.Civ.P. 60(b)(1-6).

Motions under Rules 59 and 60 are not "intended as a vehicle to re-litigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *See Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus. Inc.*, 86 F.Supp.2d 721, 726 (E.D.Mich. 2000).

Plaintiff must satisfy at least one of the enumerated factors within Rule 60(b) in order to achieve the redress he seeks. Here, plaintiff merely reargues his opposition to the defendants' motions to dismiss. Nothing in plaintiff's motion changes the fact that the events he complains about occurred in 2011; however, he did not file his complaint until October 21, 2013, well past the one-year statute of limitations for § 1983 claims. *See Holmes v. Donavan,* 984 732, 738 n. 11 (6th Cir. 1993). Because plaintiff's claims are time-barred, the court finds plaintiff cannot meet his burden under Rule 60(b)(2). Accordingly, Plaintiff's motion for reconsideration [R. 26] is **DENIED.**

Plaintiff's motion for appointment of counsel is **DENIED as moot.**

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

3

Case 3:13-cv-00632-PLR-HBG   Document 31   Filed 09/30/14   Page 3 of 3   PageID #: 123